**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LABORER'S PENSION TRUST
FUND–DETROIT & VICINITY, et al.,

      Plaintiffs,

v.                                                                 Case No. 14-10263

ALTCHEM ENVIRONMENTAL
SERVICES, INC., BARRY C.
PORTNOY, and JASON GOLDBERG,

      Defendants.

_____/

**ORDER DENYING MOTION FOR WAIVER OF LOCAL RULE 83.20**
**AND SETTING DEADLINE FOR DEFENDANTS TO OBTAIN LOCAL COUNSEL**

On March 19, 2014, Defense counsel filed a motion for waiver of Local Rule

83.20 concerning the retention of local counsel.  Pursuant to Local Rule 83.20(f)(1):

> A member of the bar of this court who appears as attorney of record in the
> district court and is not an active member of the State Bar of Michigan must
> specify as local counsel a member of the bar of this court with an office in the
> district.  Local counsel must enter an appearance and have the authority and
> responsibility to conduct the case if non-local counsel does not do so.

Defense counsel is located in Philadelphia, Pennsylvania, and is not a member of the

Michigan Bar.  For the past two years, Defense counsel notes that he has served as

general counsel for Defendant Altchem Environmental Services, Inc. ("Altchem") and

personal attorney to Defendant Barry C. Portnoy ("Portnoy").  As such, he argues that

he is "uniquely qualified" to represent Altchem and Portnoy.  (Dkt. # 10, Pg. ID 26.)  The

court has no reason to differ with the suggestion.  He also argues that "neither Altchem

nor Portnoy has the financial wherewithal to retain local counsel."  (*Id.*)

The local rule requiring local counsel to be at least *designated* serves many purposes, including among many other things, increased efficiency in scheduling short-notice conferences, and in communicating with the court and opposing counsel.  Local counsel are expected to be far more familiar with the practices of local judges and the Local Rules.  The court does not require local counsel to be intimately involved nor even present at conferences unless so requested by principal counselor or due to other unusual, pressing concerns.  For these reasons, and others, local counsel need not be particularly costly to the parties.

Defense counsel has not presented the extraordinary circumstances under which relief from Local Rule 83.20(f)(1) should be granted.  Accordingly,

IT IS ORDERED that the motion for waiver of local rule 83.20 [Dkt. # 10] is DENIED.

IT IS FURTHER ORDERED that Defendants are DIRECTED to designate local counsel by **March 28, 2014**.

　　　　　　　　　　　　　　　　　　 s/Robert H. Cleland
　　　　　　　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  March 21, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 21, 2014, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　 s/Lisa Wagner
　　　　　　　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　　　　　　　(313) 234-5522